David C. Powell (SBN 129781)
Email:   dpowell@reedsmith.com
John D. Pingel (SBN 267310)
Email:   jpingel@reedsmith.com
Jonathan A. Burky (SBN 270933)
Email:   jburky@reedsmith.com

REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendant
Bank of America, N.A.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| BRONTE JOHNSON,<br><br>              Plaintiff,<br><br>     vs.<br><br>U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF BANC OF AMERICA FUNDING CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-D; BANK OF AMERICA, N.A.; NATIONSTAR MORTAGE, LLC; AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>              Defendants. | Case No. 13-CV-03104-CAB-WVG<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.PRO. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Filed concurrently with Defendant's Request for Judicial Notice; and Notice of Parties With Financial Interest*]<br><br>Date:  February 21, 2014<br>Time:  2:00 p.m.<br>Place:  Courtroom 4C<br><br>NO ORAL ARGUMENT REQUESTED<br><br>Compl. Filed: October 10, 2013<br>Compl. Removed: December 19, 2013<br><br>Honorable Cathy Ann Bencivengo |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on February 21, 2014 at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 4C of the United States District Court for the Southern District of California, located at 221 West Broadway, San Diego, California, 92101, Bank of America, N.A. ("Defendant") will and hereby does move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the First Amended Complaint ("FAC") of Plaintiff Bronte Johnson ("Plaintiff"), and each claim for relief alleged therein against Defendant on the grounds that the FAC fails to state any claim upon which relief can be granted. No oral argument is requested.

This Motion is based on this Notice of Motion, the Motion to Dismiss Plaintiff's First Amended Complaint with Memorandum of Points and Authorities attached thereto, the Request for Judicial Notice ("RJN") submitted herewith, the operative complaint and pleadings on file with the Court in this matter, all matters of which this Court may properly take judicial notice, and any other evidence or oral argument as the Court may consider in connection with this Motion.

This Motion is made following Defendant's counsel's good faith effort to attempt to meet and confer with Plaintiff's counsel Joseph La Costa, pursuant to local rules. Specifically, Defendant's counsel contacted Mr. La Costa by email and telephone several times, including December 20 and 23, 2013, to attempt to satisfy the meet and confer requirements. Plaintiff's counsel confirmed his availability to meet on December 23rd, but was not reachable on that day.

DATED: December 26, 2013          REED SMITH LLP

By:  ___/s/ Jonathan A. Burky___
Jonathan A. Burky (SBN 270933)
Attorney for Defendant
Bank of America, N.A.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 1 –

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................... 1

II.   FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY ..................... 2

III.  LEGAL STANDARD .............................................................................. 3

IV.   LEGAL ARGUMENT .............................................................................. 5

    A.   Plaintiff's FAC Is Barred By Res Judicata And Collateral Estoppel .................................................................................... 5

        1.   Plaintiff's Entire FAC Is Barred By Res Judicata ....................... 5

        2.   Plaintiffs' FAC Is Also Barred By Collateral Estoppel ................. 7

    B.   The Minority Glaski Opinion Does Not Entitle Plaintiff To Relief .......................................................................................... 7

        1.   The Glaski Decision Is In The Minority And Should Not Be Followed .................................................................... 8

        2.   Glaski Does Not Provide Any Relief Because Plaintiff Still Fails To Allege Any Prejudice ............................... 10

    C.   Plaintiff's First Claim For Declaratory Relief Fails As A Matter Of Law ........................................................................ 12

        1.   Declaratory Relief Is Improper Because There Is No Actual Controversy ................................................... 12

            a.   Plaintiff Fails To Allege A Credible Tender ..................... 13

            b.   Plaintiff's Securitization Claims Fail ............................... 14

            c.   Plaintiff's Allegations Concerning False Documents Fail .......................................................... 15

            d.   The Public Record Shows A Complete Chain Of Title ...................................................................... 16

            e.   Plaintiff Fails To Allege Prejudice ................................... 17

        2.   Plaintiff May Not Bring A Speculative Request ...................... 17

    D.   Plaintiff's Second Claim For Negligence Fails Without A Legal Duty ...................................................................................... 18

    E.   Plaintiff's Third Claim For Quasi Contract Fails Because The Parties Have An Actual Agreement Covering Compensation ................. 19

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– i –

F.    Plaintiff's UCL Claim Fails Without Standing Or Allegations Of Wrongdoing ................................................................ 20

    1.    Plaintiff Lacks Standing To Assert His UCL Claim ................... 20

    2.    Plaintiff Fails To Allege Any Wrongful Conduct ..................... 22

        a.    Plaintiff Fails To Allege Unlawful Conduct ..................... 23

        b.    Plaintiff Fails To Allege Fraudulent Or Unfair Conduct .................................................................. 23

G.    Plaintiff's Fifth Claim For An Accounting Fails As A Matter of Law .................................................................................. 24

V.    CONCLUSION ................................................................................. 25

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST
AMENDED COMPLAINT PURSUANT TO FED.R.CIV.PRO. 12(B)(6);
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Abdallah v. United Sav. Bank*,
  43 Cal. App. 4th 1101 (1996) .................................................................. 13

*Alicea v. GE Money Bank*,
  2009 WL 2136969 (N.D. Cal. July 16, 2009) ......................................... 12

*Alpha Mechanical, Heating & Air Conditioning, Inc. v. Travelers Casualty & Surety Co. of Am.*,
  133 Cal. App. 4th 1319 (2005) ................................................................. 6

*Ann M. v. Pac. Plaza Shopping Ctr.*,
  6 Cal. 4th 666 (1993) .............................................................................. 17

*Apostol v. Citimortgage, Inc.*,
  2013 WL 6140528 (N.D. Cal. Nov. 21, 2013) ................................ 8, 10, 11

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ............................................................................. 4

*Bascos v. Fed. Home Loan Mortg. Corp.*,
  2011 WL 3157063 (C.D. Cal. July 22, 2011) ......................................... 9, 13

*Batt v. City & Council of S.F.*,
  155 Cal. App. 4th 65, 82 (2007) ............................................................. 23

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................. 4

*Bernardi v. JP Morgan Chase Bank, N.A.*,
  2012 WL 33894  (N.D. Cal. Jan. 6, 2012) .............................................. 15

*Brittain v. IndyMac Bank FSB*,
  2009 WL 2997394 (N.D. Cal. Sept. 16, 2009) ....................................... 12

*Burdette v. Carrier Corp.*,
  158 Cal. App. 4th 1668 (2008) ................................................................. 6

*Castaneda v. Saxon Mortg. Servs.*,
  687 F. Supp. 2d 1191 (E.D. Cal. 2009) ................................................... 17

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
  20 Cal. 4th 163 (1999) ............................................................................ 22

*Chua v. IB Prop. Holdings, LLC*,
  2011 WL 3322884 (C.D. Cal. Aug. 1, 2011) .......................................... 14

*Citizens for Open Access to Sand and Tide, Inc. v. Seadrift Ass'n*,
  60 Cal. App. 4th 1053 (1998) ............................................................... 5, 6

*City of Cotati v. Cashman*,
  29 Cal. 4th 69 (2002) .............................................................................. 12

*Civic W. Corp. v. Zila Indus., Inc.*,
  66 Cal. App. 3d 1 (1977) ......................................................................... 23

*Clegg v. Cult Awareness Network*,
  18 F.3d 752 (9th Cir. 1994) ...................................................................... 4

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– iii –

*Daro v. Super. Ct.*,
  151 Cal. App. 4th 1079, 61 Cal.Rptr.3d 716 (2007)................................................20

*Davis v. HSBC Bank Nevada, N.A.*,
  691 F.3d 1152 (9th Cir., 2012)................................................21

*Dick v. Am. Home Mort. Servicing, Inc.*,
  2013 WL 5299180 (E.D.Cal. Sept. 18, 2013)................................................10

*Diunugala v. JP Morgan Chase Bank, N.A*,
  2013 WL 5568737 (S.D. Cal., Oct. 3, 2013)................................................9, 10

*Dumas v. Kipp*,
  90 F.3d 386 (9th Cir. 1996)................................................4

*Epstein v. Wash. Energy Co.*,
  83 F.3d 1136 (9th Cir. 1996)................................................4

*Farmers Ins. Exch. v. Super. Ct.*,
  2 Cal. 4th 377 (1992)................................................22

*Federated Dep't Stores, Inc. v. Moitie*,
  452 U.S. 394 (1981)................................................6

*Fed'n of Hillside & Canyon Ass'ns v. City of L.A.*,
  126 Cal. App. 4th 1180 (2004)................................................5

*Fontenot v. Wells Fargo Bank, N.A.*,
  198 Cal. App. 4th 256 (2011)................................................11, 16

*Gaitan v. Mortg. Elec. Registration Sys. Inc.*,
  2009 WL 3244729................................................21, 22

*Gilbert v. Chase Home Finance, LLC*,
  2013 U.S. Dist. LEXIS 74772 (E.D. Cal. May 28, 2013)................................................9

*Glaski v. Bank of America, N.A., et al.*,
  218 Cal. App. 4th 1079 (2013)................................................7, 8, 9

*Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149 (2011)................................................16

*Hafiz v. Greenpoint Mortg. Funding, Inc.*,
  652 F. Supp. 2d 1039 (N.D. Cal. 2009)................................................14

*Herrera v. Federal National Mortgage Assn.*,
  2005 Cal. App. 4th 1495 (2012)................................................16

*Ileto v. Glock Inc.*,
  349 F.3d 1191 (9th Cir. 2003)................................................4

*In re Sandri*,
  2013 WL 5925655 (Bankr.N.D.Cal. Nov. 4, 2013)................................................8

*In re Tobacco II Cases*,
  46 Cal. 4th 298, 93 Cal. Rptr. 3d 559 (2009)................................................19, 21, 22

*In re Toyota Motor Corp.*,
  790 F. Supp. 2d 1152 (C.D. Cal., 2011)................................................20

*Jenkins v. JP Mortgage Chase Bank, N.A.*,
  216 Cal. App. 4th 497 (2013)................................................passim

*Kasky v. Nike, Inc.*,
  27 Cal. 4th 939 (2002)................................................21, 22

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– iv –

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST
AMENDED COMPLAINT PURSUANT TO FED.R.CIV.PRO. 12(B)(6);
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*King v. California*,
   784 F.2d 910 (9th Cir. 1986) .................................................................................. 4

*Knapp v. Doherty*,
   123 Cal. App. 4th 76 (2004) ................................................................................. 16

*Kwikset Corp. v. Super. Ct.*,
   51 Cal. 4th 310, 120 Cal.Rptr.3d 741 (2011) ...................................................... 20

*Lane v. Vitek Real Estate Indus. Grp.*,
   713 F. Supp. 2d 1092 (E.D. Cal. 2010) ................................................... 13, 14, 19

*Lehner v. United States*,
   685 F.2d 1187 (9th Cir. 1982) .............................................................................. 16

*Logvinov v. Wells Fargo Bank*,
   2011 WL 6140995 (N.D. Cal. 2011) ..................................................................... 14

*Lucido v. Superior Court*,
   51 Cal. 3d 335 (1990) ............................................................................................. 6

*McGlinchy v. Shell Chem. Co.*,
   845 F.2d 802 (9th Cir. 1988) .................................................................................. 4

*McGough v. Wells Fargo Bank, N.A.*,
   2012 U.S. Dist. LEXIS 84327 (N.D. Cal. June 18, 2013) ...................................... 9

*McLaughlin v. Wells Fargo Bank, N.A.*,
   2013 WL 1164432 (C.D. Cal., 2013) .................................................................... 13

*Merrill v. Navegar, Inc.*,
   26 Cal. 4th 465 (2001) ......................................................................................... 17

*Moeller v. Lien*,
   25 Cal. App. 4th 822 (1994) ................................................................................. 15

*Montana v. U.S.*,
   440 U.S. 147 (1979) ............................................................................................... 7

*Mora v. Harley-Davidson Credit Corp.*,
   2009 WL 1953433 (E.D. Cal. July 7, 2009) ........................................................... 4

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) .................................................................................. 3

*Neitzke v. Williams*,
   490 U.S. 319 (1989) ............................................................................................... 3

*Newman v. Bank of New York Mellon*,
   2013 WL 5603316 (E.D. Cal. Oct. 11, 2013) ..................................................... 8, 9

*Nguyen v. Bank of Am. Nat'l Ass'n*,
   2011 WL 5574917 (N.D. Cal. Nov. 15, 2011) ...................................................... 14

*Nymark v. Heart Fed. Savings & Loan Ass'n*,
   231 Cal. App. 3d 1089 (1991) .............................................................................. 17

*Pantoja v. Countrywide Home Loans, Inc.*,
   640 F. Supp. 2d 1177 (N.D. Cal. 2009) ............................................................... 16

*Papasan v. Allain*,
   478 U.S. 265 (1986) ............................................................................................... 3

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– v –

*Peter W. v. S. F. Unified School Dist.*,
   60 Cal. App. 3d 814 (1976) ........................................................................17

*R&B Auto Ctr., Inc. v. Farmers Group, Inc.*,
   140 Cal. App. 4th 327 (2006) .....................................................................19

*Ratcliff Architects v. Vanir Constr. Mgmt.*,
   88 Cal. App. 4th 595 (2001) .......................................................................12

*Reyes v. GMAC Mortg. LLC*,
   2011 WL 1322775 (D. Nev. Apr. 5, 2011) .................................................13

*Robertson v. Dean Witter Reynolds, Inc.*,
   749 F.2d 530 ................................................................................................3

*Robinson v. Countrywide Home Loans, Inc.*,
   199 Cal. App. 4th 42 (2011) .......................................................................17

*Rossberg v. Bank of America, N.A.*,
   2013 WL 5366377 (Cal.App.4th, Sept. 26, 2013) .......................................9

*Sabherwal v. Bank of New York Mellon*,
   2013 WL 101407 (S.D. Cal., 2013) ............................................................13

*Saunders v. Super. Ct.*,
   27 Cal. App. 4th 832 (1994) .......................................................................21

*Schulz v. Neovi Data Corp,*,
   152 Cal. App. 4th 86 (2007) .......................................................................19

*Schwartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ........................................................................4

*Scripps Clinic v. Super. Ct.*,
   108 Cal. App. 4th 917 (2003) ...............................................................21, 22

*Siliga v. Mortg. Elec. Reg. Sys., Inc.*,
   161 Cal.Rptr.3d 500, 2013 WL 4522474 (Cal.Ct.App. Aug. 27, 2013) ..................10

*Teselle v. McLoughlin*,
   173 Cal. App. 4th 156 (2009) .....................................................................23

*Toneman v. United States Bank*,
   2013 U.S. Dist. LEXIS 98966 (C.D. Cal. June 13, 2013) ............................8

*Ung v. Koehler*,
   135 Cal. App. 4th 186 (2005) .....................................................................15

*W. Mining Council v. Watt*,
   643 F.2d 618 (9th Cir. 1981) ........................................................................4

*Willman v. Gustafson*,
   63 Cal. App. 2d 830 (1944) ........................................................................18

**Statutes**

Cal. Bus. & Prof. Code §17204 ...................................................................19

Cal. Civ. Code § 2924 (a)(1).......................................................................15

Cal. Civ. Code § 2924b(b)(4) .....................................................................15

Cal. Code Civ. Proc. § 1060 .......................................................................12

– vi –

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST
AMENDED COMPLAINT PURSUANT TO FED.R.CIV.PRO. 12(B)(6);
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## I.   INTRODUCTION

This is Plaintiff Bronte Johnson's ("Plaintiff") second attempt to bring this same lawsuit against Defendant Bank of America, N.A. ("BANA" or "Defendant"). Over six years ago, Plaintiff obtained a $840,000.00 home mortgage.  As of March 2012, Plaintiff was over $109,552.74 in arrears on his Loan, and continues to live at the Property rent-free.

In an attempt to avoid foreclosure, Plaintiff previously filed a lawsuit in the United States District Court for the Southern District of California on September 12, 2012.   This Court dismissed that case with prejudice in November, 2013.  Despite that, Plaintiff refiled his action in the San Diego County Superior Court against  the same Defendants and the new loan servicer, Nationstar Mortgage, LLC ("Nationstar").  The instant case was subsequently removed to this Court.  The new action involves the same parties and same claims, with only minor revisions.

However, Plaintiff's First Amended Complaint ("FAC") consists of the same conclusory allegations and unsupported legal theories that have been consistently rejected by California Courts.  Further, Plaintiff's claims are barred by *res judicata* and collateral estoppel as his claims were already decided on the merits by this Court. Ultimately, Plaintiff's claims are factually deficient and legally untenable, and should be dismissed for at least the following reasons:

- Plaintiff's entire FAC is barred by  *res judicata* and collateral estoppel;
- Plaintiff's reliance on *Glaski* does not strengthen his claims because this recent case is a minority opinion and Plaintiff still fails to allege any prejudice by any purported defects in the foreclosure process;
- Plaintiff's declaratory relief claim fails because there is no underlying claim supporting this relief or facts demonstrating an actual controversy;
- Plaintiff's negligence claim fails because he has not alleged a legal cognizable duty owed;

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- Plaintiff's quasi-contract claim fails because he is already bound under a contract;

- Plaintiff's violation of California Business and Professions Code 17200 *et seq.* ("UCL") claim fails because Plaintiff lacks standing and does not allege proscribed conduct; and

- Plaintiff's accounting claim fails because he does not allege any balance due to him.

On these bases, and for the reasons stated herein, Defendant respectfully request this Court dismiss Plaintiff's FAC with prejudice.

## II.   FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

On April 5, 2007, Plaintiff obtained a mortgage loan in the amount of $840,000 ("Loan") secured by a Deed of Trust ("DOT") for real property located at XXXX Fairview Avenue, La Mesa, California 91941 ("Property").  FAC, Ex. B.  The DOT identifies Bank of America, N.A. as the lender and beneficiary, and PRLAP, Inc. as the original trustee.  *Id.*

On March 12, 2012, Bank of America, N.A. issued a Corporation Assignment of Deed of Trust ("Assignment"), assigning its beneficial interest in the DOT to U.S. Bank, N.A., as Trustee for the Certificateholders of Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2007-D ("U.S. Bank"). FAC, Ex. C.   Also on March 12, 2012, U.S. Bank executed a Substitution of Trustee ("Substitution"), substituting ReconTrust Company, N.A. ("ReconTrust") as Trustee. Request for Judicial Notice ("RJN"), Ex. A.  Since Plaintiff stopped making payments on his loan, ReconTrust – acting as agent of the beneficiary, recorded a Notice of Default on March 13, 2012 ("NOD").  *See* FAC, Ex. D.  At the time, Plaintiff was $109,552.74 in arrears.  *Id.*  Consequently, on June 15, 2012, ReconTrust acting as duly named trustee recorded a Notice of Trustee's Sale ("NOTS").  FAC, Ex. E.  The NOTS showed that Plaintiff owed more than $997,702.20 on the Loan.  *Id.*  The

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 2 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    Property has not been sold, and Plaintiff continues to live at the Property rent-free.

2    In an attempt to stop the foreclosure proceedings, Plaintiff filed an action

3    against Defendants on September 12, 2012, in the United States District Court,

4    Southern District, challenging the nonjudicial foreclosure proceedings based primarily

5    on legally flawed theories of improper securitization of his Loan.  *See* RJN, Ex. B.

6    On September 3, 2013, this Court granted Defendants' Motion to Dismiss with partial

7    leave to amend by September 30, 2013.  RJN, Ex. C.  Following Plaintiff's failure to

8    amend, Defendants filed an *Ex Parte* Application to dismiss for failure to amend.

9    RJN, Ex. D.  This Court granted Defendants Bank of America and U.S. Bank's  *Ex*

10   *Parte* Application To Dismiss with prejudice on November 12, 2013, and entered

11   judgment that same day dismissing Defendants BANA and U.S. Bank from the

12   litigation with prejudice  RJN, Exs. E, F.

13   In an obvious attempt to forum shop, Plaintiff initiated the instant action in state

14   court against Defendants BANA , U.S. Bank, and the new loan servicer, Nationstar[1].

15   This case was then removed from the San Diego County Superior Court on December

16   19, 2013.  RJN, Ex. G.  The current causes of action and allegations are nearly

17   identical to the claims that this Court has already considered, and has dismissed.  RJN,

18   Exs. B-F.  Plaintiff once again alleges that the Note and DOT were improperly

19   transferred to a trust and that the Assignment is somehow fraudulent.  However,

20   Plaintiff once again fails to state a claim and his FAC should be dismissed with

21   prejudice.

22   ### III.   LEGAL STANDARD

23   A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the

24   sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

25   ───────────────

26   [1] Plaintiff's Complaint was filed in the San Diego County Superior Court on October
     10, 2013.  Plaintiff then filed a FAC on November 5, 2013.  A certificate of service

27   was filed on December 18, 2013.  However, no proof of service was ever filed with
     the Court, and Defendant BANA does not believe that it has been properly served
     with the Complaint or FAC.

28   – 3 –

Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Likewise, courts are not bound by, nor will inferences of truthfulness be given to, unreasonable inferences and unwarranted deductions of fact. *See, e.g., Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *W. Mining Council v. Watt*, 643 F.2d 618 (9th Cir. 1981). Time barred claims and remedies are also properly disposed of on a motion to dismiss. *See King v. California,* 784 F.2d 910, 913-15 (9th Cir. 1986).

While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *see Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). Indeed, the Supreme Court recently confirmed the requirement that pleadings must contain more than labels and unsupported conclusions, and emphasized that conclusory allegations are not entitled to be assumed true. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

In testing the complaint's legal adequacy, the court may consider material properly submitted as part of the complaint or subject to judicial notice. *Schwartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir. 2007). If an allegation within the complaint contradicts facts that are judicially noticed, such as matters of public record, a court need not accept those alleged facts as true. *Mora v. Harley-Davidson Credit Corp.*,

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 4 –

No. 08-01453, 2009 WL 1953433, at *2 (E.D. Cal. July 7, 2009).  When it would be futile to amend the complaint's deficiencies, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## IV.   LEGAL ARGUMENT

### A.   Plaintiff's FAC Is Barred By *Res Judicata* And Collateral Estoppel

Plaintiff already filed an action with this Court in September 2012 against Defendants BANA and U.S. Bank, based on Defendants' right to initiate non-judicial foreclosure proceedings.  *See* RJN, Ex. B.  This Court fully considered the merits of this action, and stated in its Order that "Defendants [U.S. Bank] and [BANA] (collectively, Defendants) are dismissed from this action with prejudice."  RJN, Exs. E, F.  Instead of appealing this Court's decision, Plaintiff simply refiled an almost identical Complaint and FAC with the San Diego Superior Court, which has been removed back to this Court.  RJN, Ex. G.  While Plaintiff abandoned his violation of 15 U.S.C. 1692 claim, his nearly identical remaining claims for declaratory relief, negligence, quasi contract, violation of UCL, and for an accounting are barred by *res judicata* and collateral estoppel.  Plaintiff has simply added Nationstar as a Defendant because Nationstar now services this loan.  *See* FAC ¶ 57 (e).  *Res judicata* and collateral estoppel operate as a complete bar to refiling a second meritless lawsuit.

### 1.   Plaintiff's Entire FAC Is Barred By *Res Judicata*

Plaintiff's claims are barred by *res judicata*.  *Res judicata* "rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent."  *Citizens for Open Access to Sand and Tide, Inc. v. Seadrift Ass'n*, 60 Cal. App. 4th 1053, 1065 (1998).  *Res judicata* precludes a party from relitigating:  (1) the same claim, (2) against the same party, (3)

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 5 –

when that claim proceeded to a final judgment on the merits in a prior action.  *See Id.*[2]

*Res judicata* not only bars re-litigation of claims that were conclusively determined in

the first action, but also matters that were within the scope of the action, related to the

subject matter, and relevant to issues so that it could have been raised. *Burdette v.*

*Carrier Corp.*, 158 Cal. App. 4th 1668 (2008).  A "party cannot by negligence or

design withhold issues and litigate them in consecutive actions."  *Id.*  Thus, "the rule

is that the prior judgment is *res judicata* on matters which were raised or could have

been raised, on matters litigated or litigable."  *Id. See also Federated Dep't Stores,*

*Inc. v. Moitie*, 452 U.S. 394, 398-99 (1981) (A "final judgment on the merits of an

action precludes the parties or their privies from relitigating issues that were or could

have been raised in that action.")

        Here, the instant FAC is based on the same Property and contains ***identical***

causes of actions that were brought in Plaintiff's previous 2012 Complaint.  The

causes of action are based on the ***exact same*** alleged conduct and foreclosure

proceedings, and both prior actions included the ***same defendants***.  Plaintiff's prior

action was dismissed with prejudice by a Court Order dated November 12, 2013, and

thus reached a final judgment on the merits.  RJN, Exs. E, F.  *Citizens for Open*

*Access*, 60 Cal. App. 4th at 1065.  *See also Alpha Mechanical, Heating & Air*

*Conditioning, Inc. v. Travelers Casualty & Surety Co. of Am.*, 133 Cal. App. 4th 1319,

1332 (2005) ("For purposes of applying the doctrine of res judicata . . . a dismissal

with prejudice is the equivalent of a final judgment on the merits, barring the entire

cause of action.").  Plaintiff should not be able to relitigate issues that rise out of the

same nucleus of facts of a matter that have already been decided.  Plaintiff had his day

in Court and lost on the merits.  Thus, his FAC is barred by *res judicata*.

---

[2] Two causes of action involve the same claim if they arise from invasion of the same
primary right, "regardless of the legal theory on which liability for the injury is based."
*Fed'n of Hillside & Canyon Ass'ns v. City of L.A.*, 126 Cal. App. 4th 1180, 1202 (2004).

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

### 2.    Plaintiffs' FAC Is Also Barred By Collateral Estoppel

Plaintiff's FAC is also barred by collateral estoppel.  Collateral estoppel applies when:  (1) the issue sought to be precluded from relitigation is identical to that decided in a former proceeding; (2) the issue was actually litigated in the former proceeding; (3) the issue was necessarily decided in the former proceeding; (4) the decision in the former proceeding is a final decision on the merits; and (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.  *Lucido v. Superior Court*, 51 Cal. 3d 335 (1990).  "[O]nce an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation."  *Montana v. U.S.*, 440 U.S. 147, 153 (1979) (emph. added).

Here, as detailed above, the instant FAC and the 2012 Federal Complaint concern the same issues—they involve the same Plaintiff, make *identical* allegations regarding the foreclosure against the same defendants, and relate to the same Property.  BANA was a named defendant in both cases.  The material allegations in the instant FAC were also raised in the 2012 Complaint, which was dismissed by a Court Order.  *See* RJN, Exs.  E, F.  The claims relate to the same loan and DOT.  Since there was a *final judgment on the merits* against Plaintiff's claims, the instant FAC is barred by *res judicata* and collateral estoppel.  *See* RJN, Exs. B-F.  Plaintiff is attempting to relitigate issues already decided, and thus he is precluded by the doctrine of collateral estoppel from doing so.  This Court should dismiss Plaintiff's FAC based on *res judicata* and collateral estoppel without looking any further.

### B.    The Minority *Glaski* Opinion Does Not Entitle Plaintiff To Relief

Even if this Court does not dismiss the action with prejudice based on *res* judicata and collateral estoppel, Plaintiff's claims still fail as a matter of law.  Indeed, Plaintiff raises the same claims against BANA, but now claims that the mortgage

– 7 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   cannot be satisfied because it was never a perfected lien in the first place and the

2   attempt to transfer his Note to the foreclosing Trust was void, thus preventing the

3   transfer of an interest in the Note to foreclose.  FAC ¶¶ 19-20.  Plaintiff cites and

4   relies on the recent case of *Glaski v. Bank of America, N.A., et al.*, 218 Cal. App. 4th

5   1079 (2013), for his argument that Defendants have no standing to assert any rights

6   under the Note and DOT.  *See* FAC, generally.  However, *Glaski* still does not support

7   his deficient claims.  Plaintiff lacks standing to challenge an alleged irregularity with

8   respect to the assignments, and his FAC, which relies entirely on this alleged

9   irregularity, fails as a matter of law.

10          **1.      The *Glaski* Decision Is In The Minority And Should Not Be Followed**

11          Plaintiff's arguments are unavailing since courts have not followed *Glaski*,

12   which represents a clear minority view.[3]  The courts that have had the opportunity to

13   consider *Glaski* have rejected it.  *See Apostol v. Citimortgage, Inc.*, 2013 WL

14   6140528, *7 (N.D. Cal. Nov. 21, 2013) ("courts in this District have expressly

15   rejected *Glaski* and adhered to the majority view that individuals who are not parties

16   to a PSA cannot base wrongful foreclosure on alleged deficiencies in the

17   PSA/securitization process." ).  *See also In re Sandri*, 2013 WL 5925655

18   (Bankr.N.D.Cal. Nov. 4, 2013)("Glaski is inconsistent with the majority line of cases

19   and is based on a questionable analysis of New York trust law.")  Similarly, in

20   *Newman v. Bank of New York Mellon*, like the Plaintiff in this action, the plaintiff

21   relied on *Glaski* in an attempt to pursue causes of action based on an alleged untimely

22   transfer of his loan into a securitized trust.  *Newman v. Bank of New York Mellon*,

23

24   _____

[3] In *Glaski*, the Court held that in the context of a wrongful foreclosure cause of action, a
25   borrower has standing to challenge a beneficiary's authority to foreclose based on alleged
     non-compliance with the terms of a securitized trust's pooling and servicing agreement, and
26   specifically to allege that the loan was not transferred prior to the trust's closing date.
     *Glaski*, 218 Cal. App. 4th at 1097.  This holding is a deviation from the well-settled
27   majority position in California, which holds that alleged irregularities with respect to the
     securitization of a mortgage loan do not affect the rights and responsibilities of the parties
     to the loan.  *See Jenkins v. JP Mortgage Chase Bank, N.A.*, 216 Cal. App. 4th 497 (2013).

28                                          – 8 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  2013 WL 5603316, *3 (E.D. Cal. Oct. 11, 2013).  The Court rejected plaintiff's

2  argument that *Glaski* gave him standing to pursue claims based on an alleged violation

3  of his loan's PSA and New York Securities law.  *Id.*  The Court determined that "the

4  alleged violation of the PSA is not a proper basis for this or any cause of action in the

5  Complaint … [a]ny claims that are based on violation of the PSA are not viable."  *Id.*

6  (*citing Toneman v. United States Bank*, 2013 U.S. Dist. LEXIS 98966, *30–*31 (C.D.

7  Cal. June 13, 2013); *Jenkins, N.A.,* 216 Cal. App. 4th at 515).  The Court further noted

8  that "no courts have yet followed *Glaski* and ***Glaski is in a clear minority on the***

9  ***issue***.  Until either the California Supreme Court, the Ninth Circuit, or other appellate

10 courts follow *Glaski*, ***this Court will continue to follow the majority rule***."  *Id.* at FN

11 2.

12         Similarly, in *Diunugala v. JP Morgan Chase Bank, N.A.*, the district court

13 disagreed with *Glaski*, finding the *Glaski* decision to be unpersuasive and questioning

14 whether *Glaski* was correctly decided.  *Diunugala v. JP Morgan Chase Bank, N.A,*

15 2013 WL 5568737, *8  (S.D. Cal., Oct. 3, 2013); *see also Rossberg v. Bank of*

16 *America, N.A.*, 2013 WL 5366377, at *3 (Cal.App.4th, Sept. 26, 2013) (post-*Glaski*

17 case affirming dismissal of borrower's claim to cancel all pre-foreclosure instruments

18 based on allegations lender failed to transfer note and DOT by securitized trust's

19 closing date).

20         In *Jenkins*,  216 Cal. App. 4th at 515, in response to plaintiff's attempt to allege

21 that an assignment of his loan violated the terms of the PSA related to the subject loan

22 trust [*id.* at 505], the Court stated,  "even if the asserted improper securitization (or

23 any other invalid assignments []) occurred, the relevant parties to such a transaction

24 were the holders (transferors) of the promissory note and the third party acquirers

25 (transferees) of the note [*id.* at 514]."[4] Indeed, numerous courts have held that a non-

26

27 [4] The *Jenkins* Court further stated, "[a]s an unrelated third party to the alleged securitization … [the plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement."  *Id.* at 515.  The Court then stated, "even if any

28                                          – 9 –

party to a PSA lacks standing to bring claims alleging violation of the PSA.  *See e.g.*
*Gilbert v. Chase Home Finance, LLC*, 2013 U.S. Dist. LEXIS 74772, *9-*10 (E.D.
Cal. May 28, 2013) ("A majority of district courts have held that plaintiffs [] who are
not parties to a PSA do not have standing to raise violations of a PSA or to otherwise
bring claims on the basis that a PSA was violated."); *McGough v. Wells Fargo Bank,*
*N.A.,* 2012 U.S. Dist. LEXIS 84327, *14 (N.D. Cal. June 18, 2013) (adhering to
majority rule that a plaintiff who is not an investor in the PSA lacks standing to
challenge violations of the PSA's terms).  *See also Bascos v. Fed. Home Loan Mortg.*
*Corp.*, 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011) ("To the extent Plaintiff
challenges the securitization of his loan because Freddie Mac failed to comply with
the terms of its securitization agreement, Plaintiff has no standing to challenge the
validity of the securitization of the loan as he is not an investor [in] the loan trust.");
*Newman*, 2013 WL 5603316 at *3. ("the alleged violation of the PSA is not a proper
basis for this or any cause of action in the Complaint.") (emphasis in original).

Here, Plaintiff does not allege a viable claim merely by challenging
Defendant's standing to assert any rights under the Note and DOT.  This Court should
follow the well-settled majority position that alleged irregularities with respect to the
securitization of a loan do not affect borrower's rights and responsibilities.

### 2.   *Glaski* **Does Not Provide Any Relief Because Plaintiff Still Fails To Allege Any Prejudice**

The *Diunugala* court further noted, "even if Glaski were correctly decided, and
Plaintiff alleged that the foreclosing Defendant did not receive a valid assignment of
the debt in any manner, the California Court of Appeal has held that plaintiffs must
"allege ... facts showing that they suffered prejudice as a result of any lack of authority
of the parties participating in the foreclosure process." *Diunugala*, 2013 WL 5568737

subsequent transfers of the promissory note were invalid, [plaintiff] is not the victim of such
invalid transfers because her obligations under the note remained unchanged." *Id.*

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST
AMENDED COMPLAINT PURSUANT TO FED.R.CIV.PRO. 12(B)(6);
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  (quoting *Siliga v. Mortg. Elec. Reg. Sys., Inc.*, 161 Cal.Rptr.3d 500, 2013 WL

2  4522474, at *5 (Cal.Ct.App. Aug. 27, 2013) ("The Siligas do not dispute that they are

3  in default under the note. The assignment of the deed of trust and the note did not

4  change the Siligas' obligations under the note, and there is no reason to believe that

5  Accredited as the original lender would have refrained from foreclosure in these

6  circumstances. Absent any prejudice, the Siligas have no standing to complain about

7  any alleged lack of authority or defective assignment.")).

8      Similarly, the court in *Dick v. Am. Home Mort. Servicing, Inc.,* 2013 WL

9  5299180, *3-5 *(E.D.Cal. Sept. 18, 2013)*, held that the failure to allege prejudice

10  obviates the need to discuss the issues in *Glaski* ("[t]he court need not reach the issue"

11  decided in *Glaski* "because plaintiffs cannot allege that the foreclosure was

12  prejudicial").  Here, Plaintiff has not alleged any damages or prejudice as a result of

13  the alleged improper transfer.  *See* FAC, generally.   In the *Apostol* case, 2013 WL

14  6328256 at *7, the Court also stated "absent any allegation of prejudice, plaintiffs do

15  not have standing to complain about irregularities in the foreclosure process post-

16  foreclosure."  (*Citing Siliga,* 219 Cal. App.4th 75 (borrowers lacked standing to

17  complain about loan servicer's and assignee's alleged lack of authority to foreclose on

18  the deed of trust  where borrowers were in default under the note, absent evidence that

19  the original lender would have refrained from foreclosure); *Fontenot v. Wells Fargo

20  Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) (to recover on wrongful foreclosure

21  claim, borrower must demonstrate that the alleged imperfection in the foreclosure

22  process was prejudicial; no prejudice exists where borrower was in default and the

23  assignment of the loan did not interfere with the borrower's ability to pay.)).

24      Furthermore, the *Apostal* Court found that the Plaintiff did not allege that he

25  suffered prejudice as a result of irregularities in the securitization process.  The only

26  harm Plaintiff "suffered resulted from the foreclosure itself." *Apostol*, 2013 WL

27

28

– 11 –

6328256 at *7⁵.   The Court can disregard Plaintiff's *Glaski* arguments on these grounds alone.

Therefore, to the extent Plaintiff now attempts to rely on *Glaski* [*See* FAC ¶¶ 18, 31], these allegations do not strengthen his meritless claims.

**C.**   **Plaintiff's First Claim For Declaratory Relief Fails As A Matter Of Law**

Plaintiff's first claim  alleges Defendant does not have " a secured or unsecured legal, equitable, or pecuniary interest in the lien evidenced by the Deed of Trust and that its purported assignment or substitution has no value since the Deed of Trust is wholly unsecured."  FAC ¶ 73.  Plaintiff bases this on his faulty legal conclusions that the "alleged Securitization and attempted transfer of her Note and Mortgage" failed to adhere to the terms of an alleged Pooling and Servicing Agreement ("PSA") in "violation of the PSA and of New York trust law."  FAC ¶¶ 30, 33.  Further, Plaintiff claims that because "no assignment, recorded or otherwise, of the original Deed of Trust was executed before the closing date of the BOFAFC trust," the assignment of the loan filed is "fraudulent."  FAC ¶¶ 31-32.  Plaintiff draws the legal conclusion that "the failure to securitize the Note and Mortgage has resulted in an unperfected lien that Defendants cannot enforce in any manner whatsoever, and that only the true successor in interest to [BANA] has any interest therein."  FAC ¶ 35.  However, Plaintiff's claim again fails for at least the following reasons.

**1.**   **Declaratory Relief Is Improper Because There Is No Actual Controversy**

Plaintiff's request must be denied because it is unsupported by actual controversy.  Declaratory relief is proper only where there exists an "actual controversy relating to the legal rights and duties of the respective parties."  Code Civ.

---

⁵ The Court further noted that "[f]or example, plaintiff does not complain that as the result of the securitization and/or failure to assign the DOT, he received inconsistent directives about who he should make payments to or that he was unable to find out who to make payments to in order to cure his default and/or stop the foreclosure."  *Id.*

– 12 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Proc. § 1060.  *See also Ratcliff Architects v. Vanir Constr. Mgmt.*, 88 Cal. App. 4th 595, 607 (2001) (concluding that a claim for declaratory relief must fail because plaintiff failed to state a claim sufficient to recover on any other cause of action); *Brittain v. IndyMac Bank FSB*, 2009 WL 2997394, *5 (N.D. Cal. Sept. 16, 2009). Courts emphasize that the "fundamental basis of declaratory relief is the existence of an actual, present controversy over a proper subject."  *City of Cotati v. Cashman*, 29 Cal. 4th 69, 79 (2002).  When a declaratory relief claim merely duplicates other untenable claims, it should be dismissed at the pleading stage.  *See Ratcliff Architects*, 88 Cal. App. 4th at 607; *Brittain*, 2009 WL 2997394, at *5.  Here, for all of the reasons discussed in this Motion to Dismiss, Plaintiff has failed to allege a viable claim and therefore cannot allege an "actual controversy."

Thus, Plaintiff's first claim fails as a matter of law[6].

### a.    Plaintiff Fails To Allege A Credible Tender

A debtor cannot challenge foreclosure without first credibly alleging tender: "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a *credible* tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure."  *Alicea v. GE Money Bank*, No. 09-00091, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009) (citing California law).  The tender requirement applies to "any cause of action for irregularity in the sale procedure." *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (1996) (affirming the sustaining of demurrer without leave to amend for lack of tender of amounts due and owing under the loan).

Although Plaintiff says he "has offered to and is ready, willing, and able to unconditionally tender his obligation" [FAC ¶ 70], his tender offer is devoid of facts and simply is not credible.  If he were able to tender his obligation, the Property would

---

[6] Further, declaratory relief is a remedy and not a cause of action.  *Batt v. City & Council of S.F.*, 155 Cal. App. 4th 65, 82 (2007).

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.PRO. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

not be subject to foreclosure proceedings.  Also, the NOD shows that he was more than $109,552.74 in arrears as of March 2012 (the sum of which continues to grow). Thus, Plaintiff's  claim wholly fails on this basis as well.

### b.    Plaintiff's Securitization Claims Fail

Plaintiff claims that the "alleged Securitization and attempted transfer of Plaintiff's Note and Mortgage" failed to adhere to the alleged PSA in "violation of the PSA and New York trust law."  FAC ¶¶ 30, 31.  His claims fail as a matter of law because California law clearly states securitization of a loan does not alter the legal status and responsibilities of borrowers, and does not alter the lender's right to foreclose.  Courts have resoundingly rejected allegations that securitization changes the rights or obligations of parties to a loan.  *Jenkins,* 216 Cal. App. 4th 497; *Bascos,* 2011 WL 3157063, at *6; *Lane v. Vitek Real Estate Indus. Grp.,* 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("[T]he argument that parties lose their interest in a loan when it is assigned to a trust pool has . . . been rejected by many district courts."). "[S]ecuritization merely creates 'a separate contract, distinct from [p]laintiffs['] debt obligations" under the note, and does not change the relationship of the parties in any way.  *Reyes v. GMAC Mortg. LLC,* No. 11–0100, 2011 WL 1322775, at *3 (D. Nev. Apr. 5, 2011).[7]  Here, Plaintiff offers no specific facts tying the PSA to this litigation. He does not identify any of the PSA's terms, does not state that he is a party to the PSA, and does not indicate how this specific DOT is affected by the PSA or how Defendant BANA is obligated to him under the PSA.  FAC ¶¶ 27-38.  He fails to allege under what California legal authority the provisions of the PSA are enforceable. *Id.*

---

[7] Courts have also rejected the notion that a mortgage assignment made after the closing date of the PSA is a viable claim. *McLaughlin v. Wells Fargo Bank, N.A.*, 2013 WL 1164432, at *6 (C.D. Cal., 2013) ("This Court agrees with the greater weight of authority, and concludes that the allegation that a mortgage assignment was made after the closing date of a PSA is not sufficient to state a plausible claim of fraud."); *Sabherwal v. Bank of New York Mellon,*  2013 WL 101407, at *7 (S.D. Cal., 2013) (same).

– 14 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    Moreover, the alleged "securitization of the loan does not in fact alter or affect

2  the legal beneficiary's standing to enforce the deed of trust." *Logvinov v. Wells Fargo*

3  *Bank*, 2011 WL 6140995, at *3 (N.D. Cal. 2011); *Nguyen v. Bank of Am. Nat'l Ass'n*,

4  2011 WL 5574917, at *9 (N.D. Cal. Nov. 15, 2011) (securitization of mortgage loan

5  does not provide mortgagor with cause of action); *Lane*, 713 F. Supp. 2d at 1099

6  (under California law, parties do not lose their interest in a loan secured by deed of

7  trust when it is assigned to a trust pool*); Hafiz v. Greenpoint Mortg. Funding, Inc.,*

8  652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009) (assignment of promissory note to a

9  trust pool does not deprive the beneficiary or its appointed trustee of a power of sale

10  under the deed of trust).  The case law is clear that allegations of securitization do not

11  change Defendants' interest in the Property, and cannot form the basis of a wrongful

12  foreclosure claim.  Plaintiff's new allegations pursuant to *Glaski* do nothing to save

13  his claim.  *See* Section IV.B, *supra.*

14           **c.    Plaintiff's Allegations Concerning False Documents Fail**

15    Plaintiff also attempts to plead an actual controversy alleging that the

16  Assignment is fraudulent.  FAC ¶¶ 39-56.  He alleges that the individual who signed

17  these documents was not employed by BANA.  FAC ¶¶ 40-42.   However, he does not

18  identify legal authority prohibiting one individual from working for or acting as an

19  agent for multiple companies.  *See Chua v. IB Prop. Holdings, LLC*,  2011 WL

20  3322884, *2 (C.D. Cal. Aug. 1, 2011) ("[T]o the extent that Plaintiffs take issue with

21  Lisa Markham's dual position, Plaintiffs have not identified a relevant legal authority

22  prohibiting one individual from working for both CitiMortgage and MERS or from

23  acting as an agent for both.").  A Court need not accept bare conclusions regarding the

24  purported fabrication of documents. Similarly, Plaintiff "do[es] not allege that any

25  third party has ever come forward attempting to enforce the debt, making plaintiffs'

26  claim yet more implausible." *Bernardi v. JPMorgan Chase Bank, N.A.*, 2012 WL

27  33894*2 (N.D. Cal. Jan. 6, 2012).  Plaintiff has not set forth any facts demonstrating

28

– 15 –

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST
AMENDED COMPLAINT PURSUANT TO FED.R.CIV.PRO. 12(B)(6);
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

that the chain of title was fabricated.  *See*, FAC ¶¶ 39-56.

### d.    The Public Record Shows A Complete Chain Of Title

Further, no "actual controversy" exists because foreclosure was proper.  Civil Code sections 2924-2924i provide the exclusive framework governing non-judicial foreclosure in California.  *See Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994) ("The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive.").  Under these statutes, if a deed of trust contains an express provision granting a power of sale, a "***trustee, mortgagee, or beneficiary or any of their authorized agents***" may institute the foreclosure process.  Cal. Civ. Code § 2924 (a)(1) (emph. added); *Ung v. Koehler*, 135 Cal. App. 4th 186, 192 (2005).  California law further provides that a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, *any person designated in an executed substitution of trustee*, or an agent of that substituted trustee."  Cal. Civ. Code § 2924b(b)(4) (emphasis added).

Here, Plaintiff claims that Defendant U.S. Bank is not the current successor to or assignee of the original lender.  FAC ¶ 22.  However, publicly recorded documents show that U.S. Bank was properly assigned Plaintiff's Loan.  The DOT expressly states that the Loan can be sold one or more times without prior notice to the borrower.  FAC, Ex. A. ¶ 17.  Further, the trustee is given the power of sale.  *Id.* at p.3.  The publicly recorded Substitution shows that ReconTrust was substituted as trustee.  RJN, Ex. A.  Further, the publicly recorded Assignment shows that Bank of America, N.A., the lender under the DOT, assigned "all beneficial interest under [the] … Deed of Trust" to U.S. Bank.   FAC, Ex. C.

He contends that the Assignment is invalid because it was executed—not by an employee of BANA, as the documents clearly establish—but by an employee of ReconTrust.  *See* FAC  ¶¶ 40-45.  The allegation that the signatory was an employee

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.PRO. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

of ReconTrust is speculative.  Whether BANA or ReconTrust, as the agent of the beneficiary, initiated the foreclosure is immaterial because each was legally entitled to do so under the DOT. FAC Ex. B.  Thus, foreclosure was proper and he fails to allege actual controversy.

### e.    Plaintiff Fails To Allege Prejudice

Finally, no "actual controversy" exists because Plaintiff cannot allege that he was prejudiced by any procedural defect.  A procedural defect alone is not enough to warrant setting aside a foreclosure if "[t]here was no prejudicial procedural irregularity."  *See Knapp v. Doherty*, 123 Cal. App. 4th 76, 94 (2004) (emphasis in original); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1186-87 (N.D. Cal. 2009) ("Courts have rejected claims of deficient notice where no prejudice was suffered as the result of a procedural irregularity.  Since [p]laintiff does not allege that he suffered prejudice as a result of the deficiency of notice, [p]laintiff fails to state a claim."); *Lehner v. United States*, 685 F.2d 1187, 1190-91 (9th Cir. 1982) (upholding a sale where the borrower did not have any written notice because the borrower's actual notice negated any claim of prejudice.).  Plaintiff's unsubstantiated allegations challenging the foreclosure procedure cannot overcome the underlying truth that he is in default, and thus, does not demonstrate any prejudice to Plaintiff. *Fontenot*, 198 Cal. App. 4th at  272 (plaintiffs cannot allege prejudice when they concede default); *Herrera v. Federal National Mortgage Assn.*, 2005 Cal. App. 4th 1495, 1501 (2012) ("Prejudice is not presumed from 'mere irregularities' in the process")).  *See also* Section IV.B.2, *supra*.  Thus, his challenge to the foreclosure fails.

### 2.    Plaintiff May Not Bring A Speculative Request

Plaintiff's claim also fails because he cannot bring a speculative request to determine if foreclosure was proper.  Specifically, a borrower may not bring a preemptive suit to challenge the authority of defendants to perform a non-judicial

– 17 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

foreclosure. *See Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155 (2011) (California's non-judicial foreclosure scheme, Civil Code sections 2924-2924k, does not "provide for a judicial action to determine whether the person initiating the foreclosure [] is indeed authorized" to do so); *Robinson v. Countrywide Home Loans, Inc.*, 199 Cal. App. 4th 42, 46 (2011) ("We agree with the Gomes court that the statutory scheme (§§ 2924–2924k) does not provide for a preemptive suit challenging standing").   Here, Plaintiff's attempt to challenge Defendants' right to foreclose under the DOT fails for the same reasons.  Plaintiff points to no specific defect in the DOT, and simply asserts the legal conclusion that Defendants do not have authority to foreclose.  FAC ¶ 73.  To the extent he seeks judicial relief declaring whether Defendants have that authority, *Gomes* makes clear that he may not do so.  Like in *Gomes*, he gave Defendants the right to foreclose in his DOT. FAC, Ex. B at ¶ 22.  Thus, his claim fails.

**D.   Plaintiff's Second Claim For Negligence Fails Without A Legal Duty**

In support of his negligence claim, Plaintiff generally and improperly alleges that Defendants owed him a "duty to exercise reasonable care and skill to follow California law."  FAC ¶ 82.  However, Plaintiff does not explain how that duty rises above and beyond a routine bank/lender/servicer relationship.

A plaintiff must allege the existence of a legal duty to state a cause of action for negligence.  *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 500 (2001).  Specifically, a plaintiff must allege (1) the defendants owed a legal duty of care to the plaintiff; (2) breach of that duty; (3) causation; and (4) injury to the plaintiff as a result of that breach.  *Ann M. v. Pac. Plaza Shopping Ctr.*, 6 Cal. 4th 666, 673 (1993).  A complaint that lacks facts to show that a duty of care was owed is fatally defective.  *Peter W. v. S. F. Unified School Dist.*, 60 Cal. App. 3d 814, 820 (1976).  A lending institution does not owe any duty of care to a borrower where the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender.

– 18 –

*Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095-96 (1991). The same is true for the servicing entity of a loan, trustees under deeds of trust, and nominal beneficiaries. *See Castaneda v. Saxon Mortg. Servs.*, 687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009) (holding lender, nominal beneficiary under the deed and loan servicer owed mortgagor no duty).

Plaintiff alleges no facts showing that Defendants' involvement in the loan transaction exceeded the scope of its conventional role as a mere lender.  FAC ¶¶ 80-85.  He fails to allege any facts that suggest Defendant breached any purported duty owed to Plaintiff.  He simply claims that a duty was breached when Defendants allegedly failed to comply with the PSA.   FAC ¶ 84.   However, this claim is meritless for the reasons stated herein Section IV.C.1.b.  He also fails to plead damages arising from the alleged negligence.  Plaintiff claims, in vague and conclusory fashion, that he has "suffered, and continue to suffer, general and special damages in an amount to be determined at trial[.]"  FAC ¶ 85.  Thus, Plaintiff's negligence claim fails.

**E.     Plaintiff's Third Claim For Quasi Contract Fails Because The Parties Have An Actual Agreement Covering Compensation**

Plaintiff third claim alleges that Defendants "knowingly accepted payments and retained them for its own use (sic) knowing [U.S. Bank] had not acquired … an interest in Plaintiff's Note, such that they could accept or keep Plaintiff's payments." FAC ¶ 90.  However, Plaintiff's claim fails for the following reasons.

Quantum meruit or quasi-contractual recovery rests upon the equitable theory that a contract to pay for services rendered is implied by law for reasons of justice. *See, e.g.*, 1 Witkin, Summary of California Law (9th ed. 1987) Contracts, sections 12, page 47; 91, pages 122-123; 112, pages 137-138.  However, it is well settled that there is no equitable basis for quasi-contract when the parties have an actual agreement covering compensation. *Willman v. Gustafson*, 63 Cal. App. 2d 830 (1944) (there can

– 19 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   be no implied promise to pay reasonable value for services when there is an express

2   agreement to pay a fixed sum).[8]  Here, Plaintiff's claim fails because there is a contract

3   between the parties – the Note and DOT.  FAC, Exs. A, B.

4       Plaintiff alleges that "a presently unknown entity" paid his debt for him.  FAC ¶

5   91.  However, the law is clear that the sale or assignment of a debt does not in any

6   way alter the debtor's responsibility to pay.  *Lane*, 713 F. Supp. 2d at 1099 ("[T]he

7   argument that parties lose their interest in a loan when it is assigned to a trust pool has

8   . . . been rejected by many district courts.").  Plaintiff does not properly allege that

9   Defendant was unjustly enriched by any purported double payments, nor does he state

10  any valid basis to avoid obligations under the loan documents.  Finally, Plaintiff fails

11  to allege a service performed for the benefit of the Defendant for which he seeks to

12  recover.

13  **F.**    **Plaintiff's UCL Claim Fails Without Standing Or Allegations Of**

14      **Wrongdoing**

15      Plaintiff's fourth claim[9] for violation of the UCL is premised on his claim that

16  Defendant acted fraudulently because the Loan was securitized.  *See e.g.* FAC ¶ 97.

17  Plaintiff attempts to base his claim on his previous claims, in addition to purported

18  violations of Cal. Penal Code Section 532(f)(a)(4), California Civil Code Section

19  1095, and "the Security First Rule."  *See* FAC ¶¶ 94, 97.  However, Plaintiff's claim

20  fails because he lacks standing and does not allege wrongful conduct.

21      **1.**    **Plaintiff Lacks Standing To Assert His UCL Claim**

22      To have standing to pursue a claim under the UCL, private plaintiffs must

23  allege that they have "suffered injury in fact and ha[ve] lost money or property" as a

24

25  [8] *See also* 55 California Jurisprudence Third, Restitution, sections 19, page 328 *et seq.*; and

26  58, and pages 375-376 (no ground to imply payment obligation in conflict with express contract).

27  [9] Confusingly, this claim is brought against "BAC [and] BOANA," yet the allegations simply reference "Defendants" and an order is sought by Plaintiff against U.S. Bank and BANA only.  *See* FAC ¶ 112.

28

– 20 –

result of the alleged unfair practices.  Bus. & Prof. Code §17204 (emph. added); *see R&B Auto Ctr., Inc. v. Farmers Group, Inc.*, 140 Cal. App. 4th 327, 360 (2006) (plaintiff must have suffered monetary or property loss to recover under the UCL)[10].

Plaintiffs must also plead facts demonstrating that their injury-in-fact was the "immediate" result of the defendant's alleged misconduct.  *See In re Tobacco II Cases*, 46 Cal. 4th 298, 328, 93 Cal. Rptr. 3d 559, 582 (2009).  *Significantly*, the causation prong of the statute fails if he or she would have suffered the same harm whether or not a defendant violated the UCL.  *Daro v. Super. Ct.*, 151 Cal. App. 4th 1079, 1099, 61 Cal.Rptr.3d 716, 729 (2007) (the "causal connection is broken when a complaining party would suffer the same harm whether or not the defendant complied with the law").  A recent California Court of Appeal decision affirmed that the causal chain is broken if the borrower was in default prior to the alleged wrong:

> As [plaintiff's] home was subject to nonjudicial foreclosure because of [plaintiff's] default on her loan, which occurred before Defendants' alleged wrongful acts, [plaintiff] cannot assert the impending foreclosure of her home (i.e., her alleged economic injury) was caused by Defendants' wrongful actions . . . [This is true] even if we assume [plaintiff's] third cause of action alleges facts indicating Defendants' actions violated at least one of the UCL's three unfair competition prongs (unlawful, unfair, or fraudulent)[.]

*Jenkins*, 216 Cal. App. 4th  at 523.  In sum, to establish an "injury-in-fact" a plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that the economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim."  *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 322, 120

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

---

[10] As a necessary corollary, where a plaintiff alleges a UCL action against multiple defendants, he must allege that he "suffered injury in fact [or] lost money or property as a result of [the alleged] unfair competition" of each defendant.  *Schulz v. Neovi Data Corp*, 152 Cal. App. 4th 86, 92 (2007)

– 21 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Cal.Rptr.3d 741, 750 (2011).   In addition, standing requires that "[w]hen claims are based on fraudulent or unlawful conduct, [p]laintiffs 'must plead and prove actual reliance to satisfy the standing requirement' of the UCL and FAL*." In re Toyota Motor Corp.*, 790 F. Supp. 2d 1152, 1168 (C.D. Cal., 2011) (citations omitted) (emph. added).  "Reliance is established by pleading that the plaintiff in all reasonable probability would not have engaged in the injury-producing conduct but for defendants' misrepresentations or omissions." *Id*. (citations and internal quotations omitted).  The question of reliance may be decided as a matter of law where the facts permit.  *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1163 (9th Cir., 2012) (applying CA law).

Plaintiff fails to assert specific facts to demonstrate he has standing to bring a UCL claim.  At best, Plaintiff contends he has been injured "in that a cloud has been placed upon title to Plaintiff's property."  FAC ¶ 104.  However, these allegations do not show loss of money or property as a result of any business practices by each Defendant.  Moreover, any alleged injury to Plaintiff is the direct result of his admitted failure to make loan payments, **not** any conduct by Defendants.  *See* FAC ¶ 19.  Plaintiff failed to make his loan payments, so it is unclear what Plaintiff could allege as damages.  His Property would have been foreclosed regardless of any alleged wrongful acts by Defendants.  *Jenkins*, 216 Cal. App. 4th at 523.  Absent factual allegations showing Plaintiff has lost money or property due to the conduct of Defendant, his UCL claim must fail.

### 2. Plaintiff Fails To Allege Any Wrongful Conduct

His UCL claim also fails because he does not allege wrongful conduct.  The UCL precludes any unlawful, unfair, or fraudulent business act or practice.  The "unlawful" prong applies where a practice is "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made."  *See Saunders v.*

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST
AMENDED COMPLAINT PURSUANT TO FED.R.CIV.PRO. 12(B)(6);
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Super. Ct.*, 27 Cal. App. 4th 832, 838-39 (1994) (citation omitted).[11]  "Unfair"

conduct must be violative of a public policy "tethered to specific constitutional,

statutory, or regulatory provisions."  *Scripps Clinic v. Super. Ct.*, 108 Cal. App. 4th

917, 940 (2003) (emphasis omitted).  The "fraudulent" prong refers to conduct likely

to deceive a consumer.  *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009) (*citing

Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002)).  But if plaintiff has not stated a

claim for the predicate acts he bases his UCL claim, the UCL claim also must be

dismissed.  *See Gaitan v. Mortg. Elec. Registration Sys., Inc.*, 2009 WL 3244729, a*7

(C.D. Cal. 2009).  Here, Plaintiff's claims are based on purported unfair, fraudulent, or

unlawful business practices [FAC ¶¶ 96-97] and fails as follows.

### a.    Plaintiff Fails To Allege Unlawful Conduct

The UCL "borrows" violations of other laws and authorizes a separate action

pursuant to the UCL.  *See Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 383

(1992).  Because Plaintiff's other claims fail for the reasons discussed above, he

cannot base her UCL claim on these similarly deficient claims.  *See Gaitan*, 2009 WL

3244729 at *7.  Plaintiff also does not explain on what basis he believes Defendants

violated the "Security First Rule."  FAC ¶ 97(e).  Indeed, he alleges no facts that

suggest Defendants violated this "rule".  Plaintiff does dispute that he received

$840,000 in loan proceeds.  FAC, Ex. B. Further, Plaintiff alleges that Defendants

violated Penal Code § 532(f)(a)(4), relating to the recordation of a false or forged

document.  FAC ¶ 94.  However, Penal Code § 532(f)(a)(4) is a criminal statute that is

enforceable by the state government, not a private actor.

### b.    Plaintiff Fails To Allege Fraudulent Or Unfair Conduct

Under a "fraud" theory, Plaintiff must show that "members of the public are

likely to be 'deceived'" by the defendant's practices.  *In re Tobacco II Cases*, 46 Cal.

---

[11] In short, the UCL "borrows" violations of other laws and authorizes a separate action
pursuant to the UCL.  *See Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 383 (1992).

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST
AMENDED COMPLAINT PURSUANT TO FED.R.CIV.PRO. 12(B)(6);
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   4th 298, 312 (2009) (*citing Kasky v. Nike, Inc.,* 27 Cal. 4th 939, 951 (2002)). Here,

2   Plaintiff baldly asserts that Defendants' practices are likely to deceive the public.

3   FAC ¶ 98.  However, this allegation is conclusory and devoid of any factual support.

4   Indeed, Plaintiff does not deny defaulting on his Loan, which precipitated the

5   foreclosure sale in the first instance.  Plaintiff fails to allege how members of the

6   public are likely to be deceived, and thus establish a claim under the fraudulent prong.

7        "Unfair" conduct in UCL actions must be violative of a public policy "tethered

8   to specific constitutional, statutory, or regulatory provisions."  *Scripps Clinic v. Super.*

9   *Ct.*, 108 Cal. App. 4th 917, 940 (2003); *Cel-Tech Communications, Inc. v. Los*

10  *Angeles Cellular Telephone Co.,* 20 Cal. 4th 163, 185 (1999).  Here, Plaintiff fails to

11  allege that Defendants violated any public policy that can be "tethered" to a specific

12  constitutional, statutory, or regulatory provision.

13       The failure to identify cognizable, wrongful behavior by any Defendant

14  confirms that Plaintiff's claims are insufficient.  With no predicate act or specific facts

15  to support it, Plaintiff's UCL claim fails to plead a single instance of unfair, unlawful,

16  or fraudulent business practices, and should be dismissed.

17  **G.   Plaintiff's Fifth Claim For An Accounting Fails As A Matter of Law**

18       Plaintiff's fifth claim requests an accounting "to properly account for payments

19  made by Plaintiff" to Defendants.  FAC ¶ 107.  However, his request fails because

20  Plaintiff does not show any balance is due to him from any Defendant or that the

21  account is too complicated.

22       Under California law, an accounting is an equitable remedy that is dependent on

23  a substantive basis for liability.  *Batt,* 155 Cal. App. 4th at 82.  "A cause of action for

24  an accounting requires a showing that a [fiduciary] relationship exists between the

25  plaintiff and defendant that require an accounting, and that some balance is due *the*

26  *plaintiff* that can only be ascertained by an accounting."  *Teselle v. McLoughlin*, 173

27

28

– 24 –

Cal. App. 4th 156, 179 (2009).[12]  Plaintiff does not allege any debt was owed *from* Defendants, as required.  Instead, under the Note (FAC, Ex. A), it is *Plaintiff* who received $840,000, which he now is trying to avoid repaying.  Accordingly, Plaintiff is not entitled to an accounting.

Plaintiff has not alleged why he cannot figure out what he paid to Defendants. The Note and DOT clearly lay out the contractual terms related to Plaintiff's loan and required payments.  *See* FAC, Ex. A, B.  Plaintiff has not alleged any reason why the terms of the contract he signed is too complicated, so as to require an accounting. Plaintiff's claim for accounting fails as a matter of law and should be dismissed.

## V.    CONCLUSION

Plaintiff's case has been fully adjudicated on the merits.  In fact, he lived at the Property rent-free for the entire time his prior action in this Court was pending. Desperate to further extend his free stay, he now raises the same claims, involving the same property, against the same parties and the new loan servicer.  Plaintiff was clearly attempting to forum shop in hopes that he could obtain a better result in State Court.  However, this case has now been removed back to the Court that just issued a decision in November 2013 dismissing this case with prejudice.  For the reasons set forth above, Defendant respectfully requests that this Court once again dismiss Plaintiff's operative Complaint for failure to state a cause of action under Fed. R. Civ. P., Rule 12b (6).

DATED:  December 26, 2013

REED SMITH LLP

By: /s/ Jonathan A. Burky
    Jonathan A. Burky (SBN 270933)
    Attorney for Bank of America, N.A.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

---

[12] Furthermore, accounting actions are equitable and appropriate only when "the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable." *Civic W. Corp. v. Zila Indus., Inc.*, 66 Cal. App. 3d 1, 14 (1977).

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.PRO. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF