UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRONTE JOHNSON,<br><br>    Plaintiff,<br>v.<br><br>U.S. BANK, NATIONAL ASSOCIATION, et al.,<br><br>    Defendants. | Civil No. 13cv3104 JAH (MDD)<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [Docs. # 17, 18] |

## INTRODUCTION

Before this Court are motions to dismiss Plaintiff Bronte Johnson's ("plaintiff") second amended complaint ("SAC"), which were filed separately by Defendants Bank of America, N.A. ("BANA"), U.S. Bank National Association ("U.S. Bank"),[1] and Nationstar Mortgage, LLC ("Nationstar"), (collectively "defendants").[2] The motions have been fully briefed by the parties. After a careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court GRANTS defendants' motions.

//

//

---

[1] U.S. Bank represents it is "Trustee for the Certificateholders of Banc of America Funding Corporation Mortgage Pass-Through Certificates Series 2007-D." Doc. # 17-1 Exh. 2.

[2] BANA filed a motion to dismiss separately, while U.S. Bank and Nationstar filed a motion to dismiss together.

BACKGROUND

1. Factual Background

On or about April 5, 2007, plaintiff purchased real property located at 8100 Fairview Avenue, La Mesa, CA 91941 ("property"), secured by a deed of trust ("DOT") totaling $ 840,000. See Doc. # 1-1 at 44-66; Doc. # 17-1 at 5-26; Doc. # 18-1 at 7-27.[3] The DOT identifies BANA as the lender and beneficiary, and PRLAP, Inc. ("PRLAP") as the original trustee. Doc. # 18-1 at 7-8. On March 12, 2012, BANA assigned its beneficial interest in the DOT to U.S. Bank. Id. at 30. On that same day, U.S. Bank substituted ReconTrust Company, N.A. ("ReconTrust") as the new trustee. Id. at 32. Plaintiff's failure to make payments on her loan caused ReconTrust to record a notice of default against the property on March 13, 2012. Id. at 32-37. Then, on June 15, 2012, ReconTrust recorded a notice of trustee's sale against the property. Id. at 39-40. As of December 2013, the property has not been sold and plaintiff continues to live at the property rent-free. See Doc. # 7 at 11. Plaintiff brings suit against BANA, U.S. Bank, and Nationstar,[4] to stop foreclosure proceedings, claiming intentional interference with contractual relations, quiet title, and declaratory relief. See Doc. # 16.

2. Procedural History

Plaintiff originally filed a verified complaint against BANA and U.S. Bank on September 2, 2012. See Doc. # 5-1 at 10-44. On September 3, 2013, this Court dismissed plaintiff's complaint with leave to amend. Id. at 86-100. However, plaintiff failed to amend and this Court subsequently granted BANA and U.S. Bank's ex parte

---

[3] Docs. # 17-1 and 18-1 are Nationstar and BANA's Request for Judicial Notice. Doc. # 18-1 is BANA's Request for Judicial Notice. Defendants seek judicial notice for various documents filed by the parties, issued by this Court, entered by the Clerk of Court, and recorded with the San Diego County Recorder's office. See Doc. # 17-1; Doc. # 18-1. Plaintiff does not object to defendants' requests. This Court may take judicial notice of adjudicative facts "not subject to reasonable dispute because [they] can be... accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201; see also Grason Elec. Co. v. Sacramento Mun. Util. Dist., 571 F. Supp. 1504, 1521 (E.D. Cal. 1983). Because these documents are capable of accurate and ready determination from sources whose accuracy cannot be reasonably questioned, and the parties do not dispute the authenticity of the documents, defendants' requests for judicial notice are GRANTED.

[4] Nationstar is alleged to be plaintiff's loan servicer agent. See Doc. # 16 at 5.

application to dismiss plaintiff's complaint. Id. at 102-105. Plaintiff filed an amended complaint ("FAC") before the San Diego County Superior Court on November 5, 2013. See Doc. # 1 Exh. A-C. Plaintiff's FAC named BANA, U.S. Bank, and Nationstar as defendants and alleged five causes of action for: (1) declaratory relief; (2) negligence; (3) quasi-contract; (4) unfair competition; and (5) accounting. Id.

U.S. Bank and Nationstar removed the FAC to this Court on December 19, 2013. Id. On December 23, 2013, U.S. Bank and Nationstar filed a motion to dismiss plaintiff's FAC and a request for judicial notice. See Doc. # 5; Doc. # 5-1. Thereafter, BANA filed a motion to dismiss plaintiff's FAC and a request for judicial notice on December 26, 2013. See Doc. # 7; Doc. # 8. On July 31, 2014, this Court granted the defendants' motions to dismiss plaintiff's first amended complaint and requests for judicial notice. See Doc. # 14. On September 1, 2014, plaintiff filed a second amended complaint ("SAC") in this Court alleging three causes of action: (1) intentional interference with contractual relationship; (2) quiet title; and (3) declaratory relief. See Doc. # 16.

Again here, Nationstar and U.S. Bank filed a motion to dismiss plaintiff's second amended complaint and a request for judicial notice on September 15, 2014. See Doc. # 17, Doc. # 17-1. On September 18, 2014, BANA filed a motion to dismiss second amended complaint pursuant to Rule 12(b)(6) and a request for judicial notice. See Doc. 18, Doc. #hasta 18-1. Plaintiff filed an opposition to BANA's motion to dismiss plaintiff's SAC on October 13, 2014. See Doc. # 21. Soon after, plaintiff filed an opposition to defendants Nationstar and U.S. Bank's motion to dismiss on October 17, 2014. See Doc. # 22. On October 20, 2014, BANA replied plaintiff's opposition to BANA's motion to dismiss. See Doc. # 23. On October 27, 2014, Nationstar and U.S. Bank filed a reply to plaintiff's opposition to the defendants' motions to dismiss plaintiff's SAC. See Doc. #25.

This Court took BANA's motion to dismiss under submission without oral argument pursuant to Local Rule 7.1.(d.1) on October 21, 2014. See Doc. #24. On October 30, 2014, this Court also took Nationstar and U.S. Bank's motion to dismiss

under submission without oral argument. See Doc. # 26.

## DISCUSSION

1.   Legal Standard

A motion to dismiss under Rule 12 (b)(6) of the FRCP tests the sufficiency of the complaint. See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12 (b)(6) when the complaint lacks a cognizable legal theory. See Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12 (b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he or she must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

In reviewing a motion to dismiss under Rule 12 (b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of

factual allegations.  See Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts.  See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

2.  Analysis

   a.  Amount in Controversy Requirement

Defendants Nationstar and U.S. Bank contend plaintiff's allegation in the SAC that the case should be remanded to state court as her damages "do not exceed" $70,000 is unfounded.  See Doc. # 17 at 6.  Plaintiff maintains that her claims as alleged in the SAC are limited to an amount not to exceed $70,000 and the asserts the Court should remand this matter to California Superior Court.  See Doc. # 22 at 6.  This Court disagrees.

Ordinarily, in a quiet title action, the "amount in controversy" is the value of the whole real estate to which the claim extends and not the value of defendant's claim. Woodside v. Ciceroni, 93 F. 1, 4 (9th Cir. 1899).  In addition, "[i]t is well established that the amount in controversy is measured by the value of the object of the litigation" in declaratory relief actions.  Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (internal citation omitted).

Here, the amount in controversy requirement is satisfied as the total assessed value of the subject property, as of June 30, 2014, was $570,000 according to San Diego County's 2014 Secured Assessment Roll.  See Doc. # 17-1 Exh. 6.  Also, plaintiff's DOT is valued at $840,000.  Id. at Exh. 1.  Accordingly, the Court finds plaintiff's SAC clearly

satisfies the "amount in controversy" requirement under 28 U.S.C. § 1332(a) and existing law. Therefore, this Court denies plaintiff's request to remand this action.

    b.    Rule 12 (b)(6)

        i.    Intentional Interference with Contractual Relations

All defendants agree, in argument, that plaintiff fails to state a viable claim for intentional interference with contractual relations as she cannot demonstrate any "intentional acts" by defendants that were "designed to induce a breach of disruption of the contractual relationship." See Doc. # 17 at 9; Doc. # 18 at 10. BANA further asserts plaintiff does not and cannot allege any actual breach or disruption of the contractual relationship. Doc. # 18 at 10. Specifically, Defendants Nationstar and U.S. Bank contend plaintiff does not plead U.S. Bank "interfere[d]" with plaintiff's Note or Deed of Trust before plaintiff defaulted on her loan. Doc. # 17 at 9. Similarly, BANA asserts the "Notice of Default and Election To Sell Under Deed of Trust" demonstrate plaintiff's failure to meet her payment obligations under the contract causes her claim to fail. Doc. #18 at 10-11.

In opposition to both motions, Plaintiff contends the defendants' arguments are not specific enough and fail to point out which element alleged in her SAC is legally deficient. See Doc. # 21 at 10-11; Doc. # 22 at 10-11. In reply, each defendant highlights its motions to dismiss argued that plaintiff failed to satisfactorily allege the third and fourth elements of an intentional interference with contractual relations claim. Doc. #23 at 4; Doc. # 25 at 3. Nationstar and U.S. Bank also note that once all beneficial interest under plaintiff's DOT was transferred to U.S. Bank, U.S. Bank was no longer a "third party" with respect to Plaintiff. See Doc. # 25 at 3; see also Doc. # 17-1 Exh. 2.

A claim for intentional interference with contractual relations requires a plaintiff plead the following:

> "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage."

Quelimane Co. v. Stewart Title Guaranty Co., 19 Cal.4th 26, 55 (1998) (quoting Pacific Gas & Electric Co. v. Bear Stearns & Co., 50 Cal.3d 1118, 1126 (1990). An essential element for a wrongful interference with contract rights claim is that the conduct charged be the procuring cause of the interference and the harm. Beckner v. Sears, Roebuck & Co., 4 Cal.App.3d 504, 507 (1970) (citations omitted).

After review of the relevant pleadings, the Court finds that plaintiff does not sufficiently allege her claim for intentional interference with contractual relations. Plaintiff alleges interference with her contract with BANA resulted when U.S. Bank asserted rights under the Note and DOT without documentation to confirm that U.S. Bank acquired an interest in the Note and DOT contract. See Doc. # 16 at 9 ¶ 35. However, the DOT outlines the substitute trustee procedure, stating, "Lender, at its option, may...appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located...the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein." See Doc. # 17-1 at 17-18.

Pursuant to a Corporation Assignment of Deed of Trust for value received, BANA assigned and transferred to U.S. Bank "[a]ll beneficial interest under that certain deed of trust dated 04/05/2007," (Plaintiff's DOT) on March 12, 2012. See Doc. # 17-1 at 28. The same day, U.S. Bank, as a trustee for the certificateholders of BANA, substituted Recontrust Company, N.A. ("Recontrust") as trustee. Id. at 30. Recontrust executed a Notice of Default and Election to Sell Under Deed of Trust instructing plaintiff to pay or arrange payment by contacting U.S. Bank to stop foreclosure. Id. at 33. On June 15, 2012, Recontrust provided notice to plaintiff that it would sell the subject property on July 9, 2012 as Plaintiff had not satisfied the unpaid balance under the DOT of $997,702.20. Id. at 37. In her SAC, plaintiff alleges she "has a valid, existing, and binding contract" with BANA. See Doc. # 16 at 17 ¶ 67. In Plaintiff's SAC, she acknowledges Nationstar as her loan servicing agent under the original BANA contract.

1  Id. at 5 ¶ 13. Thus, the Court finds that plaintiff's "interference" allegations do not
2  present intentionality on the defendants' part and are not sufficient to state a claim of
3  intentional interference with contractual relations under Rule 12(b)(6).
4       Therefore, the Court GRANTS defendants' motions to dismiss plaintiff's
5  intentional interference with contractual relations claim.

          i.     Quiet Title

7       Each defendant argues that plaintiff lacks standing to bring her quiet title action.
8  See Doc. #17 at 10; Doc. # 18 at 11. Specifically, defendants assert that plaintiff cannot
9  bring a valid quiet title claim until she discharges her debt under the property's Note. Id.
10 Nationstar and U.S. Bank additionally contend that plaintiff does not allege each element
11 required to claim quiet title as she does not plead that any non-judicial foreclosure sale of
12 the subject property has been held. See Doc. #17 at 10.
13      In response, plaintiff asserts that the defendants failed to establish their
14 "mortgagee" status. See Doc. # 21 at 11; Doc. # 22 at 11. In addition, plaintiff argues
15 that tender is not required as she is challenging the validity of the underlying debt and
16 alleges, in her complaint, that her home is being taken due to malfeasance. Id. at 12-13.
17 Relying on Sacchi[5], plaintiff contends that tender of payment would constitute affirmation
18 of the debt she challenges. See Doc. # 21 at 12-13. Relying on Vogan[6], plaintiff argues
19 that defendants do not have standing to foreclose on the property. Id. 13.
20      In its reply, BANA distinguishes Sacchi from the facts here in that the substitute
21 trustee in Sacchi was appointed by a party with no beneficial interest in the loan at the
22 time of substitution. See Doc. # 23 at 6. Also, BANA factually distinguishes this case
23 from Vogan as the borrower in Vogan defaulted at the lender's suggestion to qualify for
24 a loan modification, only to be told later the loan was owned by an investor who did not
25 participate in the loan modification. Id. All defendants contend that plaintiff's quiet title

---

[5] Sacchi v. Mortg. Elec.Registration Sys., Inc., 2011 WL 2533029, *9-10.

[6] Vogan v. Wells Fargo Bank, N.A., 2011 WL 5826016, *7-8

claim should be dismissed due to her failure to pay her outstanding debt. Id.; See Doc. # 25 at 3. This Court agrees.

It is well-settled law which requires a borrower to first pay any outstanding debt on a subject mortgage before the borrower may bring a quiet title action against a mortgagee. Miller v. Provost, 26 Cal.App.4th 1703, 1707 (1994). Here, plaintiff does not allege that she has paid any of the outstanding debt on the subject property, in her SAC or opposition pleadings. As noted above, plaintiff still owes $997,702.20 and BANA properly assigned all its beneficial interest to U.S. Bank which gave Recontrust authority to sell the subject property when plaintiff defaulted on her loan. Accordingly, the Court finds plaintiff does not have standing to bring a quiet title claim against the defendants. Therefore, the Court GRANTS defendants motions to dismiss plaintiff's quiet title claim.

   iii. Declaratory Relief

Defendants assert plaintiff's declaratory relief claim fails because she does not allege an actual controversy. See Doc. # 17 at 10-11; Doc. # 18 at 12-13. Specifically, BANA contends that plaintiff's quiet title claim is not viable and the judicially noticed documents demonstrate the chain of title and contractual relationship between the parties. Id.

In identical opposition arguments to both motions, plaintiff insists that defendants behavior is an ongoing harm from which she seeks declaratory relief. See Doc. # 21 at 14.

The Ninth Circuit instructs district courts to first determine whether there is an actual controversy within its jurisdiction. Schafer v. CitiMortgage, Inc., 2011 WL 2437267 at *4 (C.D. Cal. June 15, 2011). If the court finds that an actual controversy exists, it must next decide whether to exercise it jurisdiction by analyzing the factors outlined in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942). Id. The Brillhart factors require the Court to (1) avoid needless determination of state law issues; (2) discourage litigants from filing declaratory actions as a means of forum shopping; and (3) avoid duplicative litigation. Id. at 495. A court may, after a full consideration of the merits, exercise its discretion to refuse to grant declaratory relief because the state of the record

is inadequate to support the extent of relief sought. <u>U.S. v. State of Wash.</u>, 759 F.2d 1353, 1356 (9th Cir. 1985).

After review of the record, the Court finds that no actual controversy exists for which a determination needs to be made. After dismissing plaintiff's other claims above, no controversy remains. Also, the record makes clear that BANA and plaintiff entered the original contract relationship, with Nationstar as the loan servicing agent, until BANA's beneficial interests were assigned to U.S. Bank. <u>See</u> Doc. 17-1 at Exh. 1, 2. U.S. Bank rightfully substituted trustees, from PRLAP, Inc. to Recontrust, as the present beneficiary under the DOT. <u>Id.</u> at Exh. 3. The Court finds that Recontrust, as the present trustee, has authority to sell the subject property once plaintiff defaulted on her loan. <u>Id.</u> at Exh. 4, 5. Therefore, the Court finds plaintiff lacks standing to bring a declaratory relief claim here.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that defendants' motions to dismiss [docs. # 17, 18] are GRANTED.

IT IS FURTHER ORDERED that plaintiff's claims for intentional interference with contractual relations and declaratory relief are DISMISSED without prejudice and plaintiff's quiet title claim is DISMISSED with prejudice. Plaintiff may submit an amended complaint no later than April 1, 2016.

Dated: March 3, 2016

_____
JOHN A. HOUSTON
United States District Judge