UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRONTE JOHNSON,<br><br>                            Plaintiff,<br>v.<br><br>U.S. BANK, NATIONAL ASSOCIATION; BANK OF AMERICA, N.A.; AND NATIONSTAR MORTGAGE, LLC,<br><br>                            Defendants. | Case No.:  13cv3104-JAH (MDD)<br><br>**ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [DOC. NO. 36]** |

**INTRODUCTION**

This matter comes before the Court on joint motion to dismiss Plaintiff Bronte Johnson's ("Plaintiff") Third Amended Complaint ("TAC"), filed by Defendants U.S. Bank National Association ("U.S. Bank") and Nationstar Mortgage, LLC ("Nationstar"), (collectively referred to as the "Defendants"). The motion has been fully briefed by the parties. After careful consideration of the entire record, including the pleadings, relevant exhibits and declarations submitted by the parties, and for the reasons set forth below, Defendants' motion is **GRANTED**.

//
//

1

# BACKGROUND[1]

On or about April 5, 2007, Plaintiff financed the purchase of the real property located at 8100 Fairview Avenue, La Mesa, California 91941 (the "Property"). *See* Doc. No. 1-1 at 38-43. The Property was secured by a deed of trust ("DOT") in the amount of $840,000.00. *Id.* at 38; Doc. No. 17 at 5-26; Doc. No. 18-1 at 7-27. The DOT identifies former defendant Bank of America, N.A. ("BANA")[2] as the lender and beneficiary, and PRLAP, Inc. ("PRLAP") as the original trustee. Doc. No. 18 at 7-8.

On March 12, 2012, BANA assigned its beneficial interest in the DOT to Defendant U.S. Bank. *See* Doc. No. 18-1 at 30. On the same day, U.S. Bank substituted ReconTrust Company, N.A. ("ReconTrust") as the new trustee, in place of PRLAP, on the subject DOT. *Id.* at 32.

---

[1] Defendants ask the Court to take judicial notice of five documents attached to its joint motion to dismiss as Exhibits 1-5. *See* Doc. No. 36-2, Exh. 1-5. Exhibits 1-5 are (1) the DOT concerning the Property, recorded on April 10, 2007, in the official records of San Diego County (Document No. 2007-0239892); (2) a copy of the Corporate DOT Assignment concerning the Property, recorded on March 13, 2012 (Document No. 2012-0145295); (3) a copy of the Substitution of Trustee documents concerning the Property, recorded on March, 13, 2012 (Document No. 2012-0145296); (4) a copy of the Notice of Default and Election to Sell under the DOT concerning the Property, recorded on March 13, 2012 (Document No. 2012-0145297); and (5) a copy of the Notice of Trustee's sale concerning the Property, recorded on March 13, 2012 (Document No. 2012-0350215). *Id.* Because Plaintiff does not object to Defendants' request for judicial notice, and because Exhibits 1-5 are publicly recorded and publically accessible whose accuracy cannot be reasonably questioned, this Court deems it appropriate to take judicial notice of Exhibits 1-5. *See* Fed. R. Evid. 201(b); *Anderson v. Holder*, 673 F.3d 1089,1094, n.1 (9th Cir. 2012); *Caldwell v. Caldwell*, 2006 WL 618511, *4 (N.D. Cal. 2006).

[2] On July 11, 2016, Plaintiff voluntarily dismissed all claims against BANA without prejudice. *See* Doc. No. 56 (citing Fed.R.Civ.P. 41(a)(1)(A)(i)). Accordingly, BANA's freestanding motion to dismiss the instant TAC, [*see* doc. no. 41], became moot, and U.S. Bank and Nationstar's joint motion to dismiss survived.

On March 13, 2012, following Plaintiff's home loan default, ReconTrust recorded a notice of default against the Property. *Id.* at 32-37. Then, on June 15, 2012, ReconTrust recorded a Notice of Trustee's sale against the property. *Id.* at 39-40.

On November 5, 2013, Plaintiff filed a First Amended Complaint ("FAC") in California Superior Court, County of San Diego, challenging the foreclosure. *See* Doc. No. 1-1 at 4-36. Specifically, Plaintiff sued BANA, U.S. Bank, and Nationstar,[3] seeking Declaratory Relief and asserting claims for (1) Negligence, (2) Quasi Contract, (3) violation of California Business & Professions Code §§ 1700, *et seq.*, (4) and Accounting. *See* Doc. No. 1-1.

The FAC was removed to the Southern District of California on December 19, 2013. *See* Doc. No. 1. The matter was assigned to District Court Case No. 13cv3104-CAB-WVG, the Honorable Cathy Ann Bencivengo. Four days later, on December 23, 2013, U.S. Bank and Nationstar filed a joint motion to dismiss all claims against them. *See* Doc. No. 5 (citing Fed. R. Civ. P. 12(b)(6)). Similarly, on December 26, 2013, BANA moved to dismiss all of Plaintiff's claims, as to it. *See* Doc. Nos. 7.

During the period set for briefing Defendants' pending motions, [doc. nos. 5, 7], it was discovered that the claims brought in Plaintiff's FAC arose from, *inter alia*, the same or substantially identical transactions, happenings, or events, as a case previously litigated before this Court. *See Johnson v. U.S. Bank, National Association*, *et al.*, Case No. 12cv2218-JAH-MDD.[2] Accordingly, the entire matter removed by Defendants on

---

[3] Nationstar is alleged to be Plaintiff's loan servicer agent. *See* Doc. No. 16 at 5.

[2] In that matter, Plaintiff originally brought suit against U.S. Bank and BANA, asserting claims for (1) Declaratory Relief; (2) Negligence; (3) Quasi Contract; (4) violations of 15 U.S.C. §§ 1692, *et seq.*; (5) violations of California Business & Professions Code §§ 17200, *et seq.*; and (6) Accounting. Although the record in 12cv2218-JAH-MDD indicates that, on November 7, 2013, this Court granted Defendants' motion to dismiss the Complaint with prejudice, the Court later amended its November 7th order to reflect that

3

1  December 23, 2013, including all pending motions [doc. nos. 5, 7,], transferred from Judge
2  Bencivengo to this Court, pursuant to the District Court's "Low-Number" rule. *See* Doc.
3  No. 11. As of July 14, 2014, both motions were fully briefed by the parties, and
4  subsequently taken under submission without oral argument. *See* Doc. Nos. 9-10, 12-14.

5       On July 31, 2014, this Court issued an order (1) granting U.S. Bank and Nationstar's
6  joint motion to dismiss, [doc. no. 5]; and (2) granting BANA's motion to dismiss, finding,
7  as the basis for granting both motions, that Plaintiff was an unrelated third party lacking
8  standing to challenge foreclosure proceedings based on alleged securitization violations or
9  assignment defects. *See* Doc. No. 15 at 8. Specifically, this Court found that Plaintiff
10 "lacked standing to bring not only her first cause of action (declaratory relief), but also her
11 second (negligence), third (quasi-contract), fourth (unfair competition), and fifth
12 (accounting) causes of action" because each claim was based on alleged securitization
13 violations and assignment defects to which plaintiff was neither a party nor a third party
14 beneficiary. *Id*. The Court granted leave to file a Second Amended Compliant ("SAC") no
15 later than September 1, 2014. *Id*.

16      On September 1, 2014, Plaintiff timely filed her SAC against the same Defendants,
17 asserting claims for (1) Intentional Interference with Contractual Relations; (2) Quiet Title;
18 and (3) Declaratory Relief. *See* Doc. No. 16. On September 15, 2014, Defendants U.S.
19 Bank and Nationstar moved to dismiss the SAC pursuant to Fed. R. Civ. P. 12(b)(6). *See*
20 Doc. No. 17. Defendant BANA's 12(b)(6) motion was filed on September 18, 2014. *See*
21 Doc. No. 18. As of October 30, 2014, both motions were fully briefed by the parties. *See*
22 Doc. Nos. 21, 22, 25. On March 3, 2016, this Court granted both motions to dismiss, finding
23 that (1) the SAC lacked sufficient allegations in support of Plaintiff's intentional
24 interference claim; (2) Plaintiff lacked standing to bring a quiet title claim against any of

---

27 dismissal was without prejudice. *See Johnson v. U.S. Bank National Assoc., et al.,* Case
28 No. 13cv3104-JAH-MDD, Doc. No. 15 at 5. Accordingly, the Court found that Plaintiff's
   FAC was not barred by the doctrine of *res judicata* or collateral estoppel. *Id*.

the Defendants; and (3) Plaintiff failed to allege an actual controversy, and therefore did not state a declaratory relief claim. *See* Doc. No. 31. The Court again granted Plaintiff leave to file a Third Amended Compliant ("TAC") no later than April 1, 2016. *Id*.

On March 23, 2016, Plaintiff timely filed her TAC, again asserting claims for (1) Intentional Interference of a Contractual Relationship; and (2) Declaratory Relief. *See* Doc. No. 32. On May 3, 2016, and May 27, 2016, Defendants, respectively, filed 12(b)(6) motions to dismiss. *See* Doc. Nos. 36, 41. On June 14, 2016, Plaintiff filed one opposition in response to both motions. *See* Doc. No. 55. On July 11, 2016, Plaintiff filed a notice voluntarily dismissing BANA from this case. *See* Do. No. 56. On November 15, 2016, Plaintiff filed a declaration supplementing her opposition to the motion to dismiss. No reply briefs were filed by Defendants U.S. Bank or Nationstar.

## DISCUSSION

### 1. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *See Robertson v. Dean Witter Reynolds*, Inc., 749 F.2d 530, 534 (9th Cir. 1984); *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id*. In other words, "the non-

5

conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, a court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which a court takes judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**2. Analysis**

Raising identical arguments, Defendants U.S. Bank and Nationstar jointly move this Court for an order dismissing the TAC, in its entirety, and with prejudice, because Plaintiff does not, and cannot, allege facts sufficient to state a claim upon which relief may be granted. *See generally* Doc. No. 36-1.

    **A.**    **Intentional Interference with Contractual Relations**

"The elements which a plaintiff must plead to state the cause of action for intentional interference with contractual relations are (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed

6

to induce a breach of disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Quelimane Co. v. Stewart Title Guaranty Co.*, 19 Cal. 4th 26, 55 (1998) (quoting *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990)). Furthermore, "it is the settled rule in actions for wrongful interference with contract rights that an essential element of the cause of action is that the conduct charged be the procuring cause of the interference and the harm." *Beckner v. Sears, Roebuck & Co.*, 4 Cal. App. 3d 504, 507 (1970) (citations omitted).

Defendants contend that Plaintiff's intentional interference claim fails because Plaintiff does not, and cannot, allege plausible facts suggestive of any intended, or actual, breach of a contractual relationship by either Defendant. *See* Doc. No. 36-1 at 7. Specifically, Defendants argue that the intentional act Plaintiff alleges as the basis for its intentional interference claim—the March 12, 2012 assignment whereby BANA assigned its beneficial interest in the DOT to U.S. Bank—was valid, and, therefore, cannot constitute a wrongful interference with contractual rights inuring to Plaintiff's benefit. *Id.* The Court agrees, and, as a matter of law, finds that this claim is subject to dismissal with prejudice.

On March 3, 2016, this Court issued an order dismissing Plaintiff's claim for intentional interference with a contractual relationship because her allegations were sufficiently contradicted by matters properly subject to judicial notice. *See* Doc. No. 31 at 2, 7 ("[T]he [judicially noticed] DOT outlines the substitute trustee procedure, stating, 'Lender, at its option may . . . appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender" and "the successor trustee shall succeed to all title, powers and duties conferred upon the Trustee herein."). A review of the TAC reveals that the basis for Plaintiff's intentional interference claim is, once again, the March 12, 2012 assignment whereby BANA assigned its beneficial interest in the DOT to U.S. Bank. *See* Doc. No. 32 at 9-10. Specifically, Plaintiff alleges that "an effort was made in March of 2012 to transfer the lenders interest in the Note and Deed of Trust to the Defendant trust[,]" and, as a result of this transaction, "Plaintiff owes no money

to the Defendants" because "Plaintiff has no contractual relationship of any kind with any named Defendant." *See id*. at 9-13, 15-18. However, a review of the judicially noticed disclosures attached to Defendants' motion support the Court finding here, as it did in its March 2016 order, [doc. no. 31], that (1) Defendants' assignment was valid and routine; and (2) a valid and routine assignment of a contract to another party is not an intentional interference with an existing contract. *Quelimane Co.*, 19 Cal. 4th at 55. Consequently, Plaintiff's intentional interference claim fails to state a claim, as a matter of law, and is therefore **DISMISSED WITH PREJUDICE**. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001).

### B. Declaratory Relief

"A declaratory judgment offers a means by which rights and obligations may be adjudicated in cases 'brought by any interested party' involving an actual controversy that has not reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so." *Seattle Audubon Soc. v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996) (citations omitted).

Plaintiff's TAC requests that this Court issue a declaratory order, determining, *inter alia*, whether "Defendants have [ ] legally cognizable rights as to the Note and Deed of Trust as between Plaintiff and her original lender, Bank of America, National Association that is the subject of this case." *See* Doc. No. 32 at 18. Defendants contend that Plaintiff's request should be denied because, once again, Plaintiff fails to assert an actual controversy over a claim upon which relief could be granted. *See* Doc. No. 36-1 at 6. Thus, Defendants argue, Plaintiff's request is improper and redundant with respect to the relief sought for her intentional interference cause of action, and should be denied. *Id*.

In light of the Court's finding that Plaintiff fails to state a cognizable intentional interference claim, the Court consequently finds that there is an insufficient basis for declaratory relief.

//
//

C. **Injunctive Relief**

Plaintiff's TAC includes a request appearing to seek injunctive relief. *See* Doc. No. 32 at 18. Specifically, Plaintiffs requests an order "permanently restraining the Defendants from asserting any rights under the Subject Note and Deed of Trust." *Id*. The Court construes this request as a preliminary injunction application, and notes that the application includes no allegations of irreparable harm, likelihood of success on the merits, or that balancing the equities would tip in Plaintiff's favor. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). Consequently, the Court finds no basis for injunctive relief. *Vanguard Outdoor, LLC v. Los Angeles*, 648 F.3d 737, 740 (9th Cir. 2011).

## CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Defendant U.S. Bank and Nationstar's joint motion to dismiss Plaintiff's Third Amended Complaint, [doc. no. 36], is **GRANTED**, as follows:
   a. Plaintiff's claim for Intentional Interference with a Contractual Relationship, against both Defendants, is **DISMISSED WITH PREJUDICE**; and
   b. Plaintiff's request for Declaratory Relief, and her Application for a Preliminary Injunction are both **DENIED**, and **DISMISSED WITH PREJUDICE**.
2. The Clerk of Court shall close this case.

DATED: March 27, 2017

JOHN A. HOUSTON
United States District Judge